IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FINTIV, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　Defendant. | Civil Action No. 1:21-cv-00896-ADA |

**ORDER ON EMERGENCY MOTION [ECF NO. 431]**

On this day, came on for consideration Plaintiff Fintiv, Inc.'s Emergency Motion for Reopening Discovery, Trial Continuance, and Sanctions. ECF No. 431 ("Emergency Motion"). The Court having considered Fintiv's moving papers and Apple's response, ECF No. 437 ("Opposition"), the authorities cited in the parties' briefs, the exhibits attached thereto, and the arguments of counsel, hereby rules as follows:

1. Fintiv's motion for a trial continuance is hereby **GRANTED**. The Court will reschedule trial in this matter following the completion of the bilateral, limited fact discovery ordered below, and any resulting motion practice.

2. Fintiv's motion to reopen discovery is hereby **GRANTED-IN-PART** to the extent the Court orders additional limited bilateral discovery. The Court orders the following with respect to further discovery in this matter:

    a. Fintiv will be permitted to take the depositions of Apple employee Ben Vigier, former Apple employee Pascal Caillon, and former Apple employee Charles Buchbinder. As to Mr. Caillon and Mr. Buchbinder,

        Apple will endeavor to secure their voluntary attendance at depositions, but failing that, Fintiv may serve subpoenas on each individual to secure their deposition attendance.

b.     Apple is ordered to produce the documents, including emails, identified in Apple's Opposition.

c.     Fintiv is ordered to produce the documents, including invoices, identified in the Emergency Motion.

d.     Apple will be permitted to take the deposition of former CorFire employee George Eubank.  Fintiv will endeavor to secure his voluntary attendance at a deposition, but failing that, Apple may serve a subpoena on Mr. Eubank to secure his deposition attendance.

e.     To the extent either party wishes to depose any additional witnesses but the other party opposes, the former shall contact the Court to request leave to conduct additional depositions.

f.     Both parties are ordered to conduct additional searches through limited sets of email and ESI using custodians and search terms agreed to by the parties, and to produce nonprivileged results of those email/ESI searches to the other side.  Unless otherwise agreed to by the parties, the time period for searching of email/ESI shall be limited to the calendar years 2011 through 2016. If the parties are unable to agree upon the parameters of such custodians, searches and productions, the issues shall be referred to Magistrate Judge Gilliland for resolution.

3. The Court further **ORDERS** that any additional motion practice shall be addressed with the Court after the completion of the discovery ordered above. This includes motions related to leave to amend pleadings, expert reports, and pretrial disclosures. It also includes any motions to reconsider rulings made during the September 2021 pretrial conference.

4. Fintiv's motion for sanctions is hereby **DENIED** as to the requested Rule 37 death penalty sanctions. The Court will address any application related to attorneys' fees and/or costs by either party after the conclusion of trial in this matter. The Court will address any application related to a jury instruction regarding an adverse inference of Apple's suppression and/or concealment of evidence during the jury charge process.

SIGNED THIS 5th day of July, 2022.

_____
THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE