**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| FINTIV, INC., | |
| Plaintiff, | Civil Action No. 1:21-cv-00896-ADA |
| v. | **PUBLIC VERSION** |
| APPLE INC., | |
| Defendant. | |

**SEALED ORDER REGARDING**
**THE DECEMBER 13, 2022 DISCOVERY DISPUTE HEARING**

Pursuant to the Standing Order Governing Proceedings (OGP) 4.2 - Patent Cases, the Minute Entry for proceedings held (Dkt. 448), and the Court's Standing Order for Discovery Hearings in Patent Cases, the parties jointly submit the below proposed order reflecting the Court's rulings at the December 13, 2022, discovery hearing regarding the parties' discovery disputes.

**Issue 1:  Apple's Objections to Fintiv's Proposed Email Custodians and Search Terms**

**Fintiv's Position**

Fintiv requested that Apple search email for 44 Apple custodians.  Each of the 44 custodians was either: (1) identified in the documents or emails this Court ordered Apple to produce in the Order on Emergency Motion because they were identified in Apple's Opposition; (2) identified in Apple's Initial Disclosures; or (3) identified by Fintiv as someone who had met with Fintiv.  Of these custodians, 24 are listed on two emails/calendar invites related to: a meeting with CorFire in 2012; and a meeting listing Mozido as a "target" company related to "a larger Apple Pay play, growing payment and commerce services through acquisition."  Apple objected on burdensome grounds because of the number of custodians, but Fintiv should not be

deprived of email communications simply because Apple chose to involve numerous, relevant Apple employees in the CorFire/Mozido meetings.

Apple also objected on burdensome grounds to the number of Fintiv's search terms. Fintiv's search terms relate to: (1) the asserted patent, the named inventors, and unique terms therein; (2) CorFire and its product names; (3) the names of former Fintiv employees; and (4) third-party vendors Fintiv believe attended the Apple-CorFire meeting(s).  Many of the search terms are permutations of the names of CorFire employees listed Master Restrict Project Agreement Apple signed with CorFire related to the development of Apple Pay.

For these reasons, Fintiv respectfully requested that the Court order Apple to search all 44 email custodians and all 40 search terms requested by Fintiv and produce the results of the same.

**Relief Sought:**  Order Apple to search all email custodians and search terms requested by Fintiv.

**<u>Apple's Position</u>**

Fintiv's request that Apple search the email of 44 Apple custodians for 40 search terms: (1) directly contravenes the Court's July 5, 2022, Order (ECF 441); (2) is contrary to the representations that Fintiv made to the Court during the June 24, 2022, hearing and the Court's clear statements to Fintiv at the hearing; (3) seeks information pertaining to communications between 2012 and 2014 that are neither relevant nor properly discoverable because there are no willfulness or indirect infringement claims and the patent-in-suit did not issue until September 23, 2014; (4) is neither proportional or fair; and (5) ignores that discovery closed over a year ago and excluded email discovery.

The Court's July 5, 2022, Order ordered "limited bilateral discovery" including requiring that "[b]oth parties . . . conduct additional searches through limited sets of email and ESI using

custodians and search terms . . ."  *See* Order on Emergency Motion (ECF 441) (the "Order") at ¶ 2(f).  The subject matter addressed at the June 24, 2022, hearing that resulted in the Court's Order pertained solely to pre-suit communications between Apple and the prior assignee of the asserted patent, SK C&C/CorFire, and with Fintiv (previously named "Mozido").  June 24, 2022, Hearing Transcript ("Tr.") (ECF 439).

Pursuant to the Order and consistent with the subject addressed at the June 24, 2022, hearing, Apple timely served email discovery requests on Fintiv on August 1, 2022, in which Apple identified 11 Fintiv email custodians likely to have knowledge regarding pre-suit communications, and Apple identified 10 narrowly tailored search terms relating to that topic. Fintiv never objected to Apple's proposed custodians or topics.

On August 4, 2022, Fintiv served discovery requests seeking four times the amount of discovery sought by Apple: 44 Apple email custodians and 40 search terms.  On August 29, 2002, Apple objected to the overbreadth and irrelevance of many of the proposed custodians and search terms and, pursuant to the Court's OGP, Apple proposed an "alternate plan" identifying the 11 custodians and 11 terms that (subject to running search term hit reports) Apple would be willing to run and that are most likely to lead to the discovery of responsive information.

Betraying its current professed interest in moving this case forward promptly, Fintiv sat silent in September.  And in October.  Fintiv then requested to meet and confer in December, but refused to withdraw any of its 44 Apple proposed custodians or any of its 40 search terms.

Fintiv's sweeping requests directly contravene the Court's Order permitting "limited bilateral discovery"—there is nothing limited about 44 custodians and 40 search terms, particularly in the context of discovery that was ordered long after the close of formal discovery that did not include any email discovery.  Moreover, the Court made it clear to Fintiv during the

3

June 24, 2022, hearing that the Court would permit only a "small number" of search terms. Tr. at 55. And Fintiv itself told the Court during the June 24, 2022, hearing that Fintiv was requesting "a very brief surgical process" that would be "limited" and "not . . . a fishing expedition." Tr. at 54-55. Indeed, the breath of the email discovery that Fintiv seeks is now well beyond what likely would have been permitted had Fintiv requested it before the discovery cut-off.

But beyond the sheer number of custodians and terms, many of them have little to no bearing on the limited subject matter to which this discovery was to be directed. For example, the search terms include such widely used terms in the mobile payment space like "se" (short for secure element), "Provision!," "widget," "rule engine," "filter," and "register." And the list of witnesses includes apex witnesses Steve Jobs and Tim Cook. The over breath of Fintiv's search terms is exemplified by the fact that running Fintiv's 40 search terms over a single custodian's (Chris Sharp's) email from 2011-2016 returned over 78,000 documents.

**Relief Sought:** Order Fintiv to limit: (1) its custodians to the following 11 custodians on its list: Ben Vigier, Charlie Buchbinder; Pascal Caillon; Jason Miller; Ahmer Khan; David Haggerty; Joakim Linde; Chris Sharp; Brian Tucker; Baris Cetinok; and David Parker; and (2) limit its search terms to the following 11 search terms on its list: CorFire; SK C&C; Incomm; CorPay; CorTSM; Eubank; Warra; CorTrust; Caillon; 8843125; and Mozido.

## The Court's Ruling:

Fintiv and Apple each may identify 12 custodians and 11 search terms for email discovery. If a party objects to one or more custodians or one or more search terms identified by the other party (for example, if the search term results in an excessive number of emails), the parties shall meet and confer to attempt to resolve the objections. If the parties are unable to resolve their objections, then the parties may submit their dispute to the Court. If the Court hears

and sustains an objection to one or more custodians or search terms, then the number of

custodians or search terms will be reduced accordingly.  For example, if Fintiv includes Tim

Cook in its list of custodians and Apple objects to that custodian and the Court sustains that

objection, then Fintiv will thereafter be limited to 11 custodians.

**Issue 2:  Apple's Failure to properly designate produced documents**

**Fintiv's Position**

Apple wrongly produced the following two CorFire slide presentations without labelling

them confidential under the Court's Protective Order in this action:  (1) APPLE-

FINTIV_00706345-706390; and (2) APPLE-FINTIV_00706447-706458.  Both documents are

confidential and meet the Protective Order's definition of confidential information as they

contain confidential business information of Fintiv.  *See* D. I. 56 at ¶ 9.

Moreover, Fintiv obtained these two documents subject to an NDA with CorFire.  Apple has not

identified any prejudice from marking these documents AEO.

For these reasons, Fintiv respectfully requests that the Court order Apple to re-produce

these documents designated as Confidential under the Protective Order.

**Relief Sought:**  Order Apple to re-produce these documents with a Confidential label under the

Protective Order.

**Apple's Position**

The two documents at issue are not confidential, contain no confidential information, and

therefore are not properly subject to a confidentiality designation under the Protective Order. The

first presentation (APPLE-FINTIV_00706345) is titled "CorFire Merchant Workshop—New

York, 12th September," which was apparently held for Crédit Mutuel bank (not Apple). It

primarily consists of an overview of CorFire and its products (*id.* at 347-58) and an overview of

other companies' e-wallet offerings (*id.* at 359-390). The information about CorFire is largely

repurposed from CorFire's public website. *See, e.g.*,

https://web.archive.org/web/20110509065202/http://www.corfire.com/our-company/index.php;

https://web.archive.org/web/20110509065318/http://www.corfire.com/products-

services/index.php. This presentation does not contain any "Confidential" labels other than slide

40 (APPLE-FINTIV_00706384), which contains a footer that reads "© 2011 by SK C&C USA,

Inc. Confidential." However, that slide contains no confidential information, but rather an image

of an Old Navy advertisement and an iPhone.

The second presentation (APPLE-FINTIV_00706447) is titled "TSM Deployments

Mapping" and contains maps of NFC deployments (*id.* at 448-452) and lists of companies with

NFC deployments, such as Mastercard and Amex, organized by geographic region (*id.* at 453-

458). This presentation contains no confidentiality markings.

In contrast to these two documents, the presentation attached as Exhibit C to the Eubank

Declaration to Fintiv's Emergency Motion (ECF 431) is marked "© 2012 by SK C&C USA, Inc.

Confidential Proprietary" on nearly every slide.

These documents were not provided to Apple under the November 2012 NDA between

Apple and SK C&C.  Moreover, even if the documents had been provided to Apple under the

NDA, the presentations are not "Confidential Information" under the NDA because: (1) the NDA

requires that "Confidential Information" be "clearly designated as 'Confidential'" in writing

(which is not the case); and (2) the NDA has a five-year time limit on any such designation

(which, if applicable, has now long passed).

Moreover, Fintiv has failed to identify any actual confidential information in either

document.

Fintiv also is wrong that there is no adverse consequence to designating these documents confidential under the Protective Order.  First, doing so prejudices the public from being able to access non-confidential information used in this action.  Second, Fintiv likely is to later argue to the jury or the Court, should the documents be stamped "Confidential" under the Protective Order, that Apple somehow is wrongfully in possession of these documents (which is incorrect) and that these documents contain confidential CorFire information (which also is incorrect).

**Relief Sought:**  Deny Fintiv's requested relief or, in the alternative, order Fintiv to identify with specificity the precise material that Fintiv claims is confidential and why.

**The Court's Ruling:**

Apple must re-produce both documents (Fintiv Exs. 3 and 4 to the joint discovery submission) labeled with a "Confidential" designation under the Protective Order.  This order is without prejudice to Apple later addressing Fintiv's potential use of these documents at trial with the Court (by *in limine* motion or otherwise at the Pre-Trial Conference), including requesting a further determination by the Court based upon a fuller record whether these documents are entitled to a Confidentiality designation under the Protective Order.

**Issue 3:  Fintiv's Apparent Spoliation of Emails for Ten out of Eleven Fintiv Custodians**

**Apple's Position**

Paragraph 2.f of the Order requires "bilateral" email discovery.  Apple provided Fintiv its list of 11 email custodians on August 1, 2022.  Fintiv did not object to Apple's list of custodians. Nearly four months later, on November 30, 2022, Fintiv informed Apple for the first time that Fintiv does not have any email for ten of the eleven Fintiv custodians.  Fintiv has not provided Apple basic information about why Fintiv has email for only one custodian, what happened to

email for the other ten custodians, when and how these emails were deleted, and what document preservation obligations these custodians had at the time of the deletion of their email.

Fintiv's apparently inability to produce email for 10 of its 11 custodians is very troubling, both with respect to the Court's Order and as it suggests serious evidence spoliation may have occurred. First, the Court's ordering requiring post-discovery cut-off email discovery regarding the parties' pre-suit communications was premised upon the discovery being "bilateral." Order at ¶ 2. If Fintiv cannot participate in meaningful bilateral email discovery as ordered by the Court, it would be neither fair nor proportional to require Apple to do so, in which case the appropriate course of action would be for the parties to revert to their positions prior to the Order where no email or other discovery was required and the parties were prepared to proceed to trial based upon the record as it existed prior to Fintiv bring its emergency motion.

Second, as it appears undisputed that each of the 11 custodians did have email, the disappearance of that email raises significant spoliation issues. The Court and Apple are entitled to know what happened to the email.

This is particularly troubling in light of what Fintiv told the Court at the June 24, 2022, hearing that resulted in the Court's bilateral discovery order. In particular, Fintiv told the Court that it already "made sure that what we were going to say [about the parties' pre-suit communications] was backed up by evidence," that a company needs to "look at its own e-mails" in responding to discovery requests" and that Fintiv "did the due diligence for Fintiv in this case." Tr. at 44-45.

Apple therefore requests, as an initial step, that the Court order Fintiv to answer in writing : (a) why Fintiv does not have any emails for ten out of eleven custodians; (b) what happened to the emails for these custodians from January 1, 2011-December 31, 2016; (c) when

were these custodians' emails deleted and by whom; and (d) whether any of these custodians were under any preservation obligations at the time of the deletion of their emails and, if not, why not.   Depending on Fintiv's answers to these emails and the parties' subsequent meet and confer regarding those answers, Apple may request further relief from the Court, which could include seeking remedies relating to evidence spoliation or requesting that the Court return the parties and the evidentiary record in this case prior to Fintiv's emergency motion.

**Relief Sought:**  Order Fintiv to respond in writing to the following questions: (a) why does Fintiv not have any emails for ten out of eleven custodians Apple identified for email production from Fintiv; (b) what happened to the emails for these custodians from January 1, 2011-December 31, 2016; (c) when were these custodians' emails deleted and by whom; and (d) whether any of these custodians were under any preservation obligations at the time of the deletion of their emails and, if not, why not.

## Fintiv's Position

Fintiv did not provide any position prior to the hearing, but represented to the Court during the hearing that there was no evidence spoliation, that no emails were deleted, and that it would be able to respond to Apple's questions.

## The Court's Ruling:

Fintiv is ordered to respond in writing to Apple to the following questions by December 23, 2022: (a) why does Fintiv not have any emails for ten out of eleven custodians Apple identified for email production from Fintiv; (b) what happened to the emails for these custodians from January 1, 2011-December 31, 2016; (c) when were these custodians' emails deleted and by whom; and (d) whether any of these custodians were under any preservation obligations at the time of the deletion of their emails and, if not, why not.

If Apple is not satisfied with the answers provided by Fintiv, the parties are ordered to meet and confer.  If Apple remains dissatisfied with Fintiv's explanations after the meet and confer, then Apple may seek further assistance from the Court.

**SIGNED** this 21st day of December, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE